UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| DANIEL GONZALEZ, | ) | No. CV 11-00548-AG (VBK) |
| Petitioner, | ) ) | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK |
| v. | ) ) | OF SUBJECT MATTER JURISDICTION |
| TIM BUSBY, | ) ) | |
| Respondent. | ) ) | |

On January 19, 2011, Daniel Gonzalez (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," pursuant to 28 U.S.C. §2254. Petitioner was convicted by a jury in Los Angeles County Superior Court on October 25, 2005 of first degree murder in violation of California Penal Code ("PC") §187(a), two counts of possession of a firearm by a felon in violation of PC §12021(a)(1), and one count of possession of ammunition in violation of PC §12316(b)(1). The jury also found true allegations that Petitioner personally and intentionally discharged a firearm, causing great bodily injury and death in violation of PC §12022.53(b)(c) and (d). Petitioner was sentenced on February 6, 2006 to 176 years to life in state prison. (See Petition at 2.) Petitioner

has raised the following claims in the within petition: (1) ineffective assistance of counsel - failure to investigate; (2) prosecutorial misconduct; (3) ineffective assistance of appellate counsel; and (4) cumulative errors. (<u>See</u> Petition at 5-6; attached pages.)

It appears from the face of the Petition that it is directed to the same 2005 Los Angeles County Superior Court conviction as a prior habeas petition filed by Petitioner in this Court on April 4, 2008, in Case No. CV 08-02251-AG (VBK).[1] On September 30, 2009, Judgment was entered in Case No. CV 08-02251-AG (VBK), denying the petition and dismissing the action with prejudice, pursuant to the District Judge's Order approving and adopting the Magistrate Judge's Report and Recommendation.

The Petition now pending is governed by the provisions of the

---

[1] The Court takes judicial notice of its own files and records and notes that on April 4, 2008, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," which was given Case No. CV 08-02251-AG (VBK). In this Petition, Petitioner raised the following claims: (1) "Petitioner was deprived of both [h]is State and Federal Rights secured by the U.S. and California Constitutions [b]y the trial court's [admission] of Testimony solicited by polic[e] officers in the field from witnesses that refused to testify in open court [w]ho had not been previously examined by defense counsel" (ground one); (2) "The trial court abused its discretion and violated Petitioner's State and Federal Rights to due process, equal protection and Fair trial safeguarded by both the State and Federal Constitutions by its allowing the prosecution to call a witness to testify that both the prosecution and trial court knew would only plead the Fifth Amendment, in order to create an impermissible influence [sic] of Petitioner's guilt" (ground two); and (3) "Petitioner's State and Federal Rights were violated by the trial court allowing the Prosecution to have a 'Gang Expert' testify and give a 'Hypothetical' when it had not been established that Petitioner was a Gang Member or that the crime and case was in any way Gang-related rendering Petitioner's [trial] a Miscarriage of Justice" (ground three). (Attachment to Petition, entitled "Grounds for Relief," ("Pet. Attachment") at 1, 6, 9).

2

1  Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-
2  132, 110 Stat. 1214)("the Act"), which became effective April 24,
3  1996.  Section 106 of the Act amended 28 U.S.C. §2244(b) to read, in
4  pertinent part, as follows:

>     "(1) A claim presented in a second or successive habeas
>     corpus application under section 2254 that was presented in a
>     prior application shall be dismissed unless--
>
>         (2) (A)  the applicant shows that the claim relies on a new
>     rule of constitutional law, made retroactive to cases on
>     collateral review by the Supreme Court, that was previously
>     unavailable; or
>
>             (B)(i)  the factual predicate for the claim could
>         not have been discovered previously through the exercise of
>         due diligence; and
>
>             (ii)  the facts underlying the claim, if proven and
>         viewed in light of the evidence as a whole, would be
>         sufficient to establish by clear and convincing evidence
>         that, but for constitutional error, no reasonable factfinder
>         would have found the applicant guilty of the underlying
>         offense.
>
>         (3)(A) <u>Before a second or successive application permitted
>     by this section is filed in the district court, the applicant
>     shall move in the appropriate court of appeals for an order
>     authorizing the district court to consider the application</u>."
>     (Emphasis added.)

    The Petition now pending constitutes a second and/or successive
petition challenging the same conviction as Petitioner's prior habeas

petition, within the meaning of 28 U.S.C. §2244(b). Thus, it was incumbent on Petitioner under §2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. Petitioner's failure to do so deprives the Court of subject matter jurisdiction.

For the foregoing reasons, **IT IS ORDERED** that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 26, 2011

ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

Presented this 20th day of January, 2011 by:

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE